**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BALWANT MULTANI** | * |
|     **Plaintiff** | * |
| v. | *  Civil Action No. 05-2061 (RMC) |
| **GORDON R. ENGLAND,** **SECRETARY, U.S.N.** | * |
| | * |
|     **Defendant** | |

### LOCAL RULE 16.3 STATEMENT

    COME NOW the parties, by and through undersigned counsel, and file this Joint Status Report. In that regard, the parties make the following disclosure pursuant to Local Rule 16.3(C).

    1.    In the instant case, plaintiff contends that he was discriminated against based upon his national origin (India); religion (Sikhism); and age (over 40) when he was not promoted by accretion of duties to a GS-830-12 to a GS-830-13 mechanical engineer position. Defendant denies that plaintiff was discriminated against on the basis of his national origin (India); religion (Sikhism); and age (over 40) when his first line supervisor failed to recommend him for a non-competitive promotion through an accretion of duties from a GS-830-12 to a GS-830-13 Mechanical Engineer.

    2.    The parties agree that the Rules of Civil Procedure shall apply with regard to amendment of pleadings and adding additional parties. It is not anticipated that additional parties will be joined by either party.

    3.    The defendant recommends management of this case as set forth herein. Defendant believes that this case can be decided by dispositive motion.

    4.    The government does not consent to this case to be assigned to a magistrate judge, except for settlement discussions.

    5.    The defendant cannot determine the possibility of settlement at this time. The plaintiff would agree to send this case to ADR. The defendant believes it would be premature to send this case to alternative dispute resolution at this time. The parties will keep the Court advised of significant developments in settlement discussions.

    6.    The parties stipulate to dispense with the requirements of Rule 26(a)(1).

7. The parties agree that the deadline for dispositive motions should be 45 days after the close of discovery, with oppositions due 21 days after service of the dispositive motion and reply briefs due 11 days after service of the opposition.

8. The plaintiff believes that discovery should close 180 days after the date of the scheduling conference, or on August 12, 2006. The defendant believes that discovery should close 120 days after the scheduling conference, or on June 12, 2006. Both parties agree to the presumptive limits of the local rules imposed upon the number of depositions and interrogatories.

9. The plaintiff shall make any expert disclosure pursuant to Rule 26(a)(2) within 60 days before the close of discovery, with the defendant's report due 30 days thereafter. All expert depositions will be taken within the discovery period.

10. This is not a class action.

11. It is not anticipated that bifurcation is necessary.

12. The plaintiff would request that the court set a status conference at the close of discovery to set a pretrial date. The defendant does not object to this request. The parties agree that the Court should not set the date for the pretrial conference at this time.

13. The parties agree that the Court should not schedule a firm trial date at the scheduling conference.

/s/ Richard Link_____
CURTIS J. KARPEL, #81992
RICHARD LINK, #443609
Attorneys for Plaintiff
8601 Georgia Avenue, #905
Silver Spring, MD 20910
(301) 495-0070

/s/ Kenneth L. Wainstein_____
KENNETH L. WAINSTEIN, #451058
United States Attorney

/s/ R. CRAIG LAWRENCE_____
R. CRAIG LAWRENCE, #171538
Assistant United States Attorney

*/s/ Wyneva Johnson*
WYNEVA JOHNSON, #278515
Assistant United States Attorney
555 4th Street, NW, Room E-4106
Washington, DC 20530
(202) 514-7224